Howell, J.
The relator obtained a suspensive appeal from a judgment against him as indorser of a note, and gave as surety on the appeal bond the maker of the note, against whom a separate judgment had been rendered in the same suit, the parties having severed in their defense. The plaintiff in the suit moved to set aside said appeal on *235 the ground that the surety was not good, and such as the law requires. This rule was made absolute, and the relator asks for writs of mandamus and prohibition against the district judge to secure the benefit of the suspensive appeal and prevent the issuance of an execution. The judge answers that, in his opinion, the appeal bond furnished by the appellant afforded to the appellee no additional protection against the judgment debtors, as the surety and principal in the appeal bond are both condemned to pay the same debt, although in different decrees, and the property of each is bound for said debt under the said judgments, and further, that he has grave doubts about the solvency of the surety, because there are three executions against him now in the hands of the sheriff unexecuted and unsatisfied.
•We think the doctrine in State ex rel. Wilson «.Judge of the Seventh District Court, 22 An. 262, and Greiner v. Pendergrast, 2 R. 235,. must control this case.
. In those cases the sufficiency of such a surety was maintained, the surety and principal not being coappellants, and the former having all the'requisites prescribed by the law.
It is therefore ordered that the writ of prohibition herein be perpetuated.